In re George A. LOMBARDI,
Petitioner.

No. 13–3699.

United States Court of Appeals,
Eighth Circuit.

Jan. 27, 2014.

Michael J. Spillane, Asst. Atty. Gen.,
Jefferson City, MO (Chris Koster, Atty.

Gen., Stephen D. Hawke, Asst. Atty. Gen., on the brief), for petitioner.

Joseph W. Luby, Death Penalty Litigation Clinic, Kansas City, MO, for respondent.

Before RILEY, Chief Judge, WOLLMAN, LOKEN, MURPHY, BYE, SMITH, COLLOTON, GRUENDER, SHEPHERD, and KELLY, Circuit Judges, En Banc.*

## *ORDER*

The respondents in this matter, plaintiffs in the underlying litigation, *Zink v. Lombardi,* No. 2:12–cv–04209 (W.D. Mo. filed Aug. 1, 2012), petition for rehearing of this court's decision filed January 24, 2014, and to vacate the opinion on account of mootness. For the following reasons, we deny the petition.

■ The respondents argue that the issues before this court were moot at the time of the opinion's issuance, because the identities of the testing laboratory and compounding pharmacy used by the State have become known through media accounts and inferences made by one of respondents' experts from other filings in the case. We do not know whether the media sources and the expert have correctly identified the pharmacy and the laboratory. The issue before this court was whether the district court properly ordered the Director to disclose in discovery the identities of the prescribing physician, the compounding pharmacy, and the testing laboratory. The respondents never withdrew their request for the disputed discovery, and there was a live controversy over whether the Director was required to provide it. The petition for writ of mandamus was therefore not moot when the opinion issued.

■ The respondents next contend that this court wrongly granted mandamus relief on grounds that were not presented to the district court. We believe the grounds were adequately presented. In moving to dismiss the original complaint challenging a method of execution using propofol, the Director argued that the plaintiffs failed to state a claim under the Eighth Amendment because they did not allege the existence of a feasible, readily implemented alternative that significantly reduces risk of severe pain. R. Doc. 3, at 5. The Director also urged that the plaintiffs failed to state a claim under the Ex Post Facto Clause because the governing statute grants the Director discretion to establish the method of execution, the punishment of death for capital murder had not changed, and only the mode of producing this result had changed. *Id.* at 11–12. After the Department of Corrections changed its execution protocol to use compounded pentobarbital, the district court granted leave to amend the complaint, rejecting the Director's argument that amendment would be futile in light of *Baze v. Rees,* 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), and circuit precedent applying the Ex Post Facto Clause. R. Doc. 181; R. Doc. 178, at 5–6. In a hearing on the discovery dispute, the Director, while advancing primarily an argument of privilege, cited *Baze* and the requirement of feasible alternatives under the Eighth Amendment. R. Doc. 224, at 9–10. The plaintiffs' amended complaint challenging the new protocol presented the same legal issues under the Eighth Amendment and Ex Post Facto Clauses that were raised with the district court in the first motion to dismiss, as the plaintiffs themselves later acknowledged. R. Doc. 258, at 11, 14. We do not think the Director was required to

* Judge Benton did not participate in the consideration or decision of this matter.

reargue the same points in his motion for a protective order to justify raising the issues in the court of appeals.

The respondents urge that this court misread *Baze v. Rees* by holding that an Eighth Amendment claim challenging method of execution must allege that the risk of harm arising from the State's current lethal-injection protocol is substantial when compared to known and available alternatives. They cite the Supreme Court's statement in *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), that there is no "[s]pecific pleading requirement[ ]" that a prisoner must identify "an alternative, authorized method of execution" to proceed in a § 1983 action. *Id.* at 582, 126 S.Ct. 2096. In *Hill,* however, the plaintiff conceded that "other methods of lethal injection the Department could choose to use would be constitutional," *id.* at 580, 126 S.Ct. 2096, and he alleged "that the challenged procedure presents a risk of pain the State can avoid while still being able to enforce the sentence ordering a lethal injection." *Id.* at 581, 126 S.Ct. 2096. The plaintiffs in this case did not make such an allegation in the amended complaint. We therefore concluded that they failed to state a claim by failing to allege even the elements of an Eighth Amendment claim as defined in *Baze*. We were not required to address whether alleging that the current method of execution creates a substantial risk of harm when compared to known and available alternatives, without specifying an alternative, would be sufficient to state a claim in light of *Hill* and *Baze*. *Cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

■ The respondents finally assert that this court misread their state-law claims in concluding that the identities of the pharmacy and laboratory are plainly not relevant to their state-law claims. As they reiterate in the petition, however, the respondents alleged in their amended complaint that the Department violates state law by carrying out executions using compounding-pharmacy drugs. The Department admits that it acquires the drugs from a compounding pharmacy. As we read the complaint, the plaintiffs have not alleged that some uses of compounding-pharmacy drugs are lawful and some uses are unlawful, such that investigation of the particular compounding pharmacy would be relevant to their claims under state law.

The petition for rehearing is denied.

Judge SHEPHERD votes to deny the petition for rehearing.

Judge MURPHY, Judge BYE, and Judge KELLY would grant the petition for rehearing.