BYE, Circuit Judge,
with whom MURPHY and KELLY, Circuit Judges, join,
concurring in the result.
I agree the Court’s order from May 19, 2014, must be reversed, and I agree this matter should be remanded for further proceedings. However, I cannot agree with the full analysis and commentary of the Court.
First, I disagree with the Court’s interpretation of pleading requirements in Eighth Amendment cases. However, even assuming the Court is correct a death row inmate in a facial challenge must identify an alternative method of execution, a death row inmate in an as-applied challenge is not required to do so. Facial and as-applied challenges to execution protocols are different. See Siebert v. Allen, 506 F.3d 1047, 1049-50 (11th Cir.2007) (granting stay on as-applied challenge to execution protocol while denying stay on facial challenge). In stating the pleading standard, the court relies on cases involving facial challenges to the general constitutionality of a particular execution protocol. Those cases did not involve a death penalty inmate arguing his unique medical condition would substantially enhance the likelihood and severity of a painful death. It is my position a death row inmate alleging an Eighth Amendment as-applied challenge need not plead a readily available alternative method of execution. A state cannot be excused from taking into account a particular inmate’s existing physical disability or health condition when assessing the propriety of its execution method. When, as here, a death row inmate with a health condition does not have sufficient access to information or testing, that inmate cannot be expected to plead an alternative method.
Second, the Court seems to construe the Supreme Court’s denial of stays of execution to eight Zink plaintiffs following In re Lombardi, 741 F.3d 888, 897 reh’g denied, 741 F.3d 903 (8th Cir.), cert. denied Zink v. Lombardi, - U.S. -, 134 S.Ct. 1790, 188 L.Ed.2d 760 (2014), as evidence the Supreme Court agrees with the Eighth Circuit’s pleading requirements. However, there is no indication the Supreme Court considered the Eighth Circuit’s pleading requirement analysis. Therefore, any such inference from the Supreme Court’s recent stay denials is inappropriate.
Third, the Court asserts, without support, the proposition that no physical dis *1130 ability or illness could ever foreclose execution. While the Supreme Court has been clear on the general proposition that, so long as a state-imposed death penalty is constitutional, there must be some way for states to carry out executions, the Supreme Court has also been clear that some individuals cannot be executed. See Hall v. Florida, - U.S. -, 134 S.Ct. 1986, 1992, 188 L.Ed.2d 1007 (2014) (“[Persons with intellectual disability may not be executed.”); Roper v. Simmons, 543 U.S. 551, 575, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (“[T]he death penalty cannot be imposed upon juvenile offenders.... ”); Ford v. Wainwright, 477 U.S. 399, 410, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) (“The Eighth Amendment prohibits the State from inflicting the penalty of death upon a prisoner who is insane.”). The Supreme Court has not addressed the open question of whether there are some physical disabilities or health conditions which would prevent a state from executing an individual because any execution would be unconstitutionally cruel and unusual based on that individual’s particular disability or health condition. This question is not before the Court and the Court’s opinion should not be read to answer this question.
Fourth, I do not join in the commentary of Section IV. To begin, the majority asserts, without support from the record, that Bucklew’s arguments “raise an inference that he is impermissibly seeking merely to investigate the protocol without taking a position as to what is needed to fix it.” It is not the role of this Court to speculate on a party’s true intention in filing a lawsuit. Given that a strong possibility of cruel and unusual punishment during Bucklew’s death is at stake, the more likely inference from Bucklew’s pleadings is that he seeks to remedy those concerns rather than merely satisfy an intellectual curiosity about Missouri’s execution protocol or merely delay his execution. And, as noted above, nothing requires Bucklew to propose a specific alternative to the execution protocol; no precedent supports the position that Bucklew is required to “tak[e] a position as to what is needed to fix [the protocol]” in an as-applied challenge.
The Court then restates that Bucklew “at the earliest possible time, [ ] must identify a feasibly, readily implemented alternative procedure that will significantly reduce a substantial risk of severe pain and that the State refuses to adopt.” Bucklew is under no obligation to do so. The Court fails to cite, and I have been unable to find, any support for the proposition Bucklew is required to make any new pleadings, amendments, or motions “at the earliest possible time.” It is within the district court’s control to set any discovery deadlines and conduct proceedings in the normal order of business. Additionally, for the reasons discussed above, the requirement of providing an alternative execution protocol does not apply in this matter.
Finally, the Court improperly suggests Bucklew’s as-applied challenge may not be timely. Such a discussion is unnecessary to the outcome of this appeal, and is improper because the district court has not yet ruled on the issue. Bucklew’s prior in camera motion is not before the Court. Additionally, it is for the district court to determine in the first instance whether Bucklew’s claim is timely. Despite the Court’s suggestion Bucklew’s claim may be time-barred, I note Bucklew has put forth substantial evidence to show the claim was brought in a timely manner. This evidence includes: Missouri has changed its protocol many times since imposing a sentence of death on Bucklew; Bucklew’s condition has become worse over time; and, because of Missouri’s opposition, Bucklew has struggled for years to obtain sufficient scans to fully understand the extent of his *1131 health condition. It is for the district court to conclude whether Bucklew improperly delayed in filing his claim.