SHEPHERD, Circuit Judge,
dissenting in part.
In Lombardi, because the prisoners had not conceded that other methods of lethal injection which the state of Missouri could choose would be constitutional, “[w]e were not required to address whether alleging that the current method of execution creates a substantial risk of harm when compared to known and available alternatives, without specifying an alternative, would be sufficient to state a claim in light of Hill and Baze.” In re Lombardi, 741 F.3d 903, 905 (8th Cir.2014). The court now holds, in Part II.B. of this opinion, that even with such a concession the prisoners must indeed identify an alternative method of execution that is feasible, can be readily implemented, and will significantly reduce a substantial risk of severe pain in order to state an Eighth Amendment claim. I cannot agree with this conclusion.
First, it is not necessary for the court to reach this issue. In Part II.A. of this opinion we explain that the second amended complaint’s Eighth Amendment challenge to Missouri’s method of execution by lethal injection fails to state a claim because it does not include the requisite plausible allegations that the lethal execution protocol creates a substantial risk of severe pain. So holding, we need not reach the issue of the sufficiency of the second amended complaint’s allegation of an alternative method of execution. See Raby v. Livingston, 600 F.3d 552, 560-61 (5th Cir.2010) (“Because we find that Raby has failed to establish that the Texas lethal injection protocol creates a demonstrated risk of severe pain, we do not reach the second step of the Baze test, whether the risk created by the current protocol is substantial when compared to the known and available alternatives.”).
Second, if in fact the issue is be addressed, I disagree substantively with the *1120 court’s holding. In Hill v. McDonough, the Supreme Court considered whether a prisoner’s Eighth Amendment challenge to Florida’s lethal-injection protocol could proceed as a § 1983 action or must proceed as a habeas action. 547 U.S. 573, 576, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). In finding that the action could proceed under § 1983, the Court rejected the government’s contention that the prisoner must plead an alternative means of execution to state a § 1983 claim. Id. at 582, 126 S.Ct. 2096. The Hill Court noted that “[sjpecific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal court.” Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).
Lest there be any confusion about underpinnings of the holding, in its very next term, in Jones v..Bock, the Supreme Court explained, “[J]ust last Term, in Hill v. McDonough, we unanimously rejected a proposal that § 1988 suits challenging a method of execution must identify an acceptable alternative.” 549 U.S. 199, 213, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (internal citation omitted).
Reading Hill and Jones together, I cannot conclude that the Supreme Court has mandated a heightened pleading standard requiring identification of an alternative method'of execution in this § 1983 action asserting an Eighth Amendment claim. The Supreme Court explicitly rejected such a requirement in Jones, and I take the Court to mean what it says. In Part H.B., this court attempts to confine Hill to its holding that an Eighth Amendment challenge to a lethal injection protocol may proceed under § 1983 action rather than a decision relating to the sufficiency of a complaint under the Federal Rules. In Jones, however, the Supreme Court addresses the adequacy of a complaint under Rule 8 and rejects court devised heightened pleading requirements.
Finally, in Part II.B., the court identifies the risk that allowing protracted discovery could have the practical effect of thwarting the State’s ability to carry out any executions. Although I am cognizant of such a possibility, the Federal Rules of Civil Procedure govern the sufficiency of the second amended complaint rather than policy considerations. See Jones, 549 U.S. - at 212, 127 S.Ct. 910 (“[Cjourts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns.”),
For the reasons set forth in Part II A. of the court’s opinion, the second amended complaint’s Eighth Amendment challenge to Missouri’s lethal injection protocol must be dismissed because it does not include the requisite plausible allegations that the protocol creates the'substantial risk of severe pain. However, I cannot agree with the court’s conclusion that the prisoners must also identify an alternative method of execution in the complaint.
Accordingly, I join in all but Part II.B. of this opinion.